17-4110
Banegas-Suquilanda v. Barr

BIA
Segal, IJ
A206 505 952

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of October, two thousand twenty.

PRESENT:
        PIERRE N. LEVAL,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

BLANCA YOLANDA BANEGAS-
SUQUILANDA,
        *Petitioner,*

        v.                                          17-4110
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Manuel D. Gomez, Esq., New York, NY.

FOR RESPONDENT:          Neelam Ihsanullah, Trial Attorney; Anthony C. Payne, Assistant

Director; Joseph H. Hunt, Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Blanca Yolanda Banegas-Suquilanda, a native and citizen of Ecuador, seeks review of a BIA decision affirming a decision of an Immigration Judge ("IJ") denying Banegas-Suquilanda's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Banegas-Suquilanda,* No. A 206 505 952 (B.I.A. Nov. 30, 2017), *aff'g* No. A 206 505 952 (Immig. Ct. N.Y. City Mar. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018). The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). We conclude that the agency's adverse credibility determination here is supported by substantial evidence.

As an initial matter, Banegas-Suquilanda argues that the BIA applied the wrong standard of review to the IJ's decision. She is incorrect: the BIA properly reviewed the IJ's adverse credibility determination for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i) (directing that the BIA shall review the IJ's factual findings "including findings as to the credibility of testimony" for clear error). The BIA properly considered whether the discrepancies and omissions identified by the IJ provided a sufficient basis to conclude that she

3

was not credible, and whether Banegas-Suquilanda provided a convincing explanation for them. *See In re S-A-*, 22 I. & N. Dec. 1328, 1331 (BIA 2000) (the BIA generally defers to an IJ's adverse credibility determination where "(1) the discrepancies and omissions described by the [IJ] are actually present in the record; (2) such discrepancies and omissions provide specific and cogent reasons to conclude that the alien provided incredible testimony; and (3) the alien has failed to provide a convincing explanation for the discrepancies and omissions").

The agency reasonably relied on inconsistencies in the record related to Banegas-Suquilanda's final encounter with her alleged abuser, Gustavo Molina. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Banegas-Suquilanda testified that the last contact Molina had with her or her family "was in 2013 in Guayaquil." CAR at 134. But she also testified, and claimed in her written statement, that Molina came to her mother's home and threatened her with death after she left Guayaquil. When asked to explain why she had not mentioned the incident at her mother's home earlier in her testimony, she presented a third account, claiming that she merely "saw

4

that he was there around the house" but "didn't speak to him so much" or "have real contact with him." CAR at 138. Banegas-Suquilanda's testimony and written statement were also inconsistent as to whether her mother was present during this incident. The agency was not required to credit Banegas-Suquilanda's explanation that her written statement was mistaken. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).[1]

Contrary to Banegas-Suquilanda's argument on appeal, the agency also reasonably relied on two omissions from her written statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 164, 167 (2d Cir. 2008).

---

[1] Banegas-Suquilanda argues that the agency erred in relying on an inconsistency related to whether Molina learned that she had returned to her mother's house after she left Guayaquil. But the BIA did not rely on this inconsistency, and it is therefore not part of the decision under review. *See Xue Hong Yang*, 426 F.3d at 522 (when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA).

To begin, Banegas-Suquilanda wrote that Molina only said that he would kill her and that he attacked her by "hitting her" in Guayaquil.[2] CAR at 2, 160. She testified, however, that he also "tried to kill" and "tried to strangle" her during that incident. CAR at 100. We have recently cautioned against placing undue weight on "omissions that arise merely because an applicant's oral testimony is more detailed than his or her written application." *Hong Fei Gao*, 891 F.3d at 82. However, the agency here reasonably concluded that the omitted elements of her account significantly changed the character of an event central to Banegas-Suquilanda's claim. *See Hong Fei Gao*, 891 F.3d at 78 (distinguishing between "belatedly recollected facts [that] merely augment" a prior statement and "facts . . . that a credible petitioner would reasonably have been expected to disclose").

Further, Banegas-Suquilanda wrote that Molina came to her place of work on three occasions, and that, after one of these incidents, two managers intervened to protect her and hid her in an apartment. In her testimony, she added that

---

[2] In this Court, Banegas-Suquilanda incorrectly asserts that her statement "did not specify the way in which [Molina] attacked her." Petitioner's Br. at 18.

her employers called the police on one of these occasions. In light of her discussion of the other actions her managers took on her behalf, their contact with the police is a fact that Banegas-Suquilanda would reasonably be expected to include in her statement. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Its omission diminishes her statement's credibility.

Finally, the agency did not err in relying on the fact that the letter from Banegas-Suquilanda's mother failed to mention significant events that the mother purportedly witnessed, and also that it stated that Banegas-Suquilanda's relationship with Molina began in 2010, while Banegas-Suquilanda asserted she first met Molina in 2011. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ recognized that the inconsistency as to the dates alone would not compel the conclusion that Banegas-Suquilanda was not credible, but she reasonably found this inconsistency troubling in light of other inconsistencies in the record. *See Diallo v. INS*, 232

7

F.3d 279, 288 (2d Cir. 2000) (recognizing that minor discrepancies in dates need not be fatal to an applicant's credibility); *see also Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).  The IJ reasonably concluded that the beatings that the mother purportedly witnessed and her attempts to intervene were specifics that the mother would be expected to include in her letter, and that Banegas-Suquilanda did not offer a persuasive explanation for their omission.

Although an applicant's failure to explain a third-party's omission is "less probative of credibility than an applicant's failure to explain his or her own omissions," the agency was entitled to consider the mother's omissions in the totality of the circumstances, particularly since the letter was prepared and submitted in support of the asylum application and the record lacked any other corroboration of the alleged abuse.  *Hong Fei Gao*, 891 F.3d at 81; *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding

8

that asylum "applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

In light of these significant inconsistencies and omissions and the lack of reliable corroboration, we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165–67. Because all three rest on the same factual predicate determination, our determination is dispositive of Petitioner's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9